IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| YSIDRO VALENCIA | § | |
| VS. | § | CIVIL ACTION NO. 9:13-CV-43 |
| BRAD LIVINGSTON, *et al.,* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ysidro Valencia, an inmate formerly confined at the Gib Lewis Unit, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.

By way of Report and Recommendation on September 2, 2016, the Magistrate Judge, to whom this case was referred, recommended defendants' motions for summary judgment be granted and plaintiff's cross motions for summary judgment be denied.

A Memorandum Order Adopting the Report and Recommendation was entered on September 20, 2016. A Final Judgment was also entered on that same day dismissing the civil rights action. Plaintiff filed a Motion for Extension of Time to File Objections on September 26, 2016 and September 28, 2016, within 28 days after entry of the judgment, and then filed his objections on October 18, 2016 along with a Notice of Appeal. In his objections, plaintiff also sought a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Defendants filed a response stating plaintiff's motion to alter or amend judgment should be denied for lack of jurisdiction since plaintiff filed an appeal. The Fifth Circuit Court of Appeals docketed plaintiff's appeal on October 25, 2016. This Memorandum Opinion considers such motion and the response.

**STANDARD**

A motion for Reconsideration filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "calls into question the correctness of the judgment" and "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *See Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TransTexasGas Corp.*, 303

F.3d 571, 581 (5th Cir. 2002); *see also Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). District Courts have been given considerable discretion over whether to grant or deny a motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Moreover, a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued. *Rosenzqeig v. Azurix Corp*. 332 F.3d 854, 63-64 (5th Cir. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d 479.

## ANALYSIS

After careful consideration, the Court finds petitioner's motion to reconsider should be denied. A properly filed notice of appeal divests this court of jurisdiction to take any action with regard to this action except in aid of an appeal. *Willie v. Continental Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984) (*vacated*, 760 F.2d 87 (5th Cir. 1985), *rev'd on other grounds,* 784 F.2d 706 (5th Cir. 1986) (en banc)); *see also Warren v. Dir., Tex. Dep't. of Crim. Justice*, 2010 U.S. Dist. LEXIS 137636 a *5-*6 (E.D. Tex. Dec. 30, 2010) (explaining that *Willie* applies to equally to motions under Rules 59(e) or 60.

Plaintiff has deprived this Court of jurisdiction to rule on his 59(e) motion. The Court does, however, retain jurisdiction to deny the motion, because to do so furthers the appeal. It is, therefore,

**ORDERED** that Petitioner's Motion to Alter or Amend Judgment filed Pursuant to Federal Rule of Civil Procedure 59(e) (docket entry no. 188) is **DENIED**.

So **ORDERED** and **SIGNED** this **12** day of **November, 2016.**

_____
Ron Clark, United States District Judge